UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. SACV 11-01798-CJC(JPRx)          Date: November 23, 2011

Title: <u>AURORA LOAN SERVICES, LLC v. MARYLYNE PATAO</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                             <u>N/A</u>
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                             None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction & Background**

       On June 8, 2011, Plaintiff Aurora Loan Services, LLC ("Aurora") filed the present state-law unlawful detainer action against pro se Defendant Marylyne Patao in California state court. Ms. Patao removed this action to federal court on November 18, 2011. For the following reasons, the Court, on its own motion, REMANDS this suit to state court because it lacks subject matter jurisdiction.

**Analysis**

       A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000. 28 U.S.C. § 1331; *id.* § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01798-CJC(JPRx)                                      Date: November 23, 2011
                                                                      Page 2

      As an initial matter, the "short and plain statement of the grounds for removal" required by 28 U.S.C.§ 1446(a) in Ms. Patao's Notice of Removal does not clearly articulate grounds for removal under either federal question or diversity jurisdiction. In any event, the Notice of Removal and attached documents from the state court proceedings indicate that Ms. Patao did not have a proper basis for removing this suit.

      First, Ms. Patao has failed to meet her burden to establish federal question jurisdiction under 28 U.S.C. § 1331. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Aurora's Complaint asserts only a state law cause of action against Ms. Patao. Additionally, a defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan*, 813 F.2d at 1371. As a result, Ms. Patao's contentions that Aurora has violated her due process rights, *see* Notice of Removal ¶ 10–12, and 15 U.S.C. § 1692g, *see id.* ¶ 16, do not provide a basis for federal question jurisdiction. Accordingly, the court lacks federal question jurisdiction. Ms. Patao is also not entitled to removal based on diversity jurisdiction because she is a local defendant. Removal is permitted in diversity cases only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The Notice of Removal indicates that Ms. Patao is a citizen of California. More specifically, the contact address on Ms. Baldwin's Notice of Removal is the property that is the subject of the action, located in Stanton, California. *Id.* at 1. Ms. Patao has also marked that she is a citizen of California on her civil cover sheet. Accordingly, Ms. Patao is not entitled to remove this action to federal court on the basis of diversity.

**Conclusion**

      For the foregoing reasons, this action is hereby REMANDED to state court.


jsk

MINUTES FORM 11
CIVIL-GEN                                                             Initials of Deputy Clerk MU